# UNITED STATES DISTRICT COURT

for the

Midddle District of _Tennessee

Civil Division

FILED
AUG 23 2021 DB
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN.

Mrs. Martha Arnita Lee
and
Mr. Bennie Lee Jr.

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Ms. Jackie Cox
Glenn G. Dukes, Cumberland Advisory Group
Vivian Wilhoite, Metro Government Tax Assess

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 03-21 0653
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☐ Yes ☑ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Bennie Lee and Martha Arnita Lee |
| Street Address | 1059 2nd avenue South |
| City and County | Nashville |
| State and Zip Code | Tennessee 37210 |
| Telephone Number | 615-243-8831 |
| E-mail Address | arnitalee1@gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | Jackie Cox |
| Job or Title *(if known)* | |
| Street Address | 1062 2nd Avenue |
| City and County | Nashville, |
| State and Zip Code | Tennesse 37210 |
| Telephone Number | 615-254-8128 |
| E-mail Address *(if known)* | |

**Defendant No. 2**

| | |
|---|---|
| Name | /Glenn G. Dukes, Cumberland Advisory Group/Horizontal Propertie |
| Job or Title *(if known)* | Registered Agent |
| Street Address | 1602 8th Avenue South, Suite B |
| City and County | Nashville, Davidson |
| State and Zip Code | Tennessee 37203 |
| Telephone Number | 615-259-9151 |
| E-mail Address *(if known)* | wwcumberlandproperties.com |

**Defendant No. 3**

| | |
|---|---|
| Name | Brandon McDonald, Urban Dwell Homes/Horizontal Properties |
| Job or Title *(if known)* | Contractor and owner |
| Street Address | 203 Point East Drive |
| City and County | Nashville, Davidson |
| State and Zip Code | Tennessee 37216 |
| Telephone Number | 615-217-8917 |
| E-mail Address *(if known)* | |

**Defendant No. 4**

| | |
|---|---|
| Name | Steven Matthews, Dale & Associate |
| Job or Title *(if known)* | Surveyor |
| Street Address | 516 Heather Pl |
| City and County | Nashville, Davidson |
| State and Zip Code | Tennessee 37204 |
| Telephone Number | 615-297-5166 |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Due Process of the law.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

a. If the plaintiff is an individual

The plaintiff, *(name)* ________________, is a citizen of the State of *(name)* ________________.

b. If the plaintiff is a corporation

The plaintiff, *(name)* ________________, is incorporated under the laws of the State of *(name)* ________________, and has its principal place of business in the State of *(name)* ________________.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* ________________, is a citizen of the State of *(name)* ________________. Or is a citizen of *(foreign nation)* ________________.

b. If the defendant is a corporation

The defendant, *(name)* ____________________, is incorporated under the laws of the State of *(name)* ____________________, and has its principal place of business in the State of *(name)* ____________________.
Or is incorporated under the laws of *(foreign nation)* ____________________,
and has its principal place of business in *(name)* ____________________.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:
See attached Brief

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.
See attached.Brief

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See attached Brief.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 8-23-2021

Signature of Plaintiff: Mrs. Martha Arnita Lee

Printed Name of Plaintiff: Mrs. Martha Arnita Lee

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

UNITED STATES DISTRICT COURT

For the

Middle District of Tennessee

CIVIL DIVISION

| | | |
|---|---|---|
| Martha Arnita Lee<br>Bennie Lee Jr.<br><br>PLAINTIFFS<br><br>vs<br><br>Jackie Cox<br>DBA/CUMBERLAND ADVISORY GROUP<br>URBAN DWELL HOMES<br>STEVEN MATTHEWS, SURVEYOR<br>Metropolitan Government<br>Vivian Wilhoite, Property Assessor<br><br>DEFENDANTS | ) | Civil Action No. |

**COMPLAINT FOR A CIVIL CASE**

**COME NOW THE PLAINTIFFS , MARTHA ARNITA LEE AND BENNIE LEE,** PRO SE before the Court filing this civil action for correction of records, injunctive relief and damages from the parties are as follows.

**PARTIES**

Defendant Jackie Cox owner of 1061 2nd Avenue South, Nashville, Tennessee 37210 lot 22 has a fraudulent deed with 14 feet of lot 21 as part of lot 22. The property record for lot 21 is not part of lot 22 should be part of.

The Defendant Glenn Dukes of Cumberland Advisory Group located 471 Humphrey Street, Nashville, Tennessee 37203 on August 22, 2014 . Discovered Jackie Cox had in paragraph two (2) of Warranty Deed, "land in Davidson County, Tennessee being the southerly 14 feet of Lots No 21 and the Northerly 16 Of Lot No. 22 in Isaac Paul Grove Plan of Lots 23 in Nashville, Tennessee, fronting together 30 feet on the westerly side of Market Street and running back westerly between parallel lines 136 feet, more or less to an alley. No record of survey completed by CAG before purchasing lot 22 8/22/2014 from Jackie Cox.

Plaintiff Martha Arnita Lee purchased 1059 Second South, Nashville, Tennessee from Estate Deandrew Bell, who died May 19, 1998 conveyed by C.E. Collins, Trustee to Marian Bowman, Executrix and sold to Plaintiff on November 22, 2000. Register of deed and payment of property taxes since 1956 property dimensions 45x125. Plaintiff petition Court to demand defendant correction of Warranty Deed (no survey completed by CAG) that 14 feet of lot 21 is not part of lot 22. "Warranty Deed for lot 21 has 7 feet to boundary of lot 20 and the northerly (front) 38 feet on lot 21 on the Plan of Paul's Elysian Grove Plan of lots in South Nashville as recorded in Plan Book 1, Page 134 Chancery Court of Nashville ,Tennessee. Lot 21 is not recorded in tax assessor record as part of lot 22 .

Defendant CAG secured a loan from Vista Energy on 8/28/2014 in the

amount of $7500.00 using lot 21 as collateral and 8/28/2014 in the amount 8/24/2015 in the amount of $237,850 from First Advantage Bank. Defendant CAG misrepresented lot 21 as part of lot 22 and used this lot as collateral for claim on both of these loans willingly and intentionally colluded by claiming (Plaintiff Lees lot 21) as part of lot 22 falsely to claim adverse possession and claiming 14 feet of lot 21 as part of lot 22.

Plaintiff (Lee) petition the court for Defendant CAG to remove Plaintiff's (lot 21) from deed and all documents and business transactions related to CAG lot 22 construction of alleged resubdivision, permits, surveys , planning commission, Metro-zoning, and parcel history of lot 21 and lot Warranty deed of lot 21 (Plaintiff) since 1956 does not have any documents or record lot 22 as part of lot 22. The property (lot 21) was sold to Plaintiff (Lees) by Estate of Deandrew Bell Tennessee Department of Revenue records May 29, 1999 inheritance record file as exhibit.____________

.Defendant filed complaint in the Chancery Court of Davidson County alleging encroachment by Plaintiff. False charges surveyor map misrepresents correct property line and has Plaintiff property as part of Horizon Regime.

Plaintiff deed of Lot 21 does not have recorded lot 22 as part of CAG Property. Requesting the court overturn CAG judgement and allow evidence

Plaintiff survey by Edge Group November 3, 2000 as evidence the property line of lot 21 recorded correctly as when purchased for Estate of Deandrew Bell. The Plaintiff deed of record has 7 feet of lot 20 and 38 Feet of lot 21, with dimension of 45x135. The evidence of record Plaintiff presented to court for relief and rerecording of deed after discovering Plaintiff property record changed without notification or an appeal. Exhibit ________

Defendant (CAG) encroaching on Plaintiff property 1059 2nd Avenue South Nashville, Tennessee 37210. The Defendant (CAG) replaced a fence after destroying Plaintiff fence during demolition of house on lot 22 . When requested by Court to remove the fence CAG did not comply to Court order Exhibit ____________

Plaintiff petition the court to order Defendant (CAG) to remove fence installed on lot 21alleging the fence was to replaced Plaintiff fence destroyed during demolition . CAG motive to claim adverse possession by using the Court to force Plaintiff to remove the fence they replace on front and property line of 1059 2nd Avenue South, Nashville, Tennessee. Defendant (CAG) be charged with contempt .

Defendant (CAG) brought false charges against Plaintiff (Lees) of encroachment using surveyor testimony (Matthews) alleging encroachment causing the Court to implement charges of contempt and sanctions.

Plaintiff (Lees) petition the court reconsider and to overturn decision and find Plaintiff not guilty charges of encroachment. The fence put up by CAG be moved surveyor map fraudulently moves the Plaintiff property line and add on plat to including part of lot 21 recorded as part of project resubdivision of Urban Dwell Homes and CAG to include Plaintiff as part of the project and January 22, 2016. Plaintiff (lot 21 boundary ) deed was changed in tax assessor Appeal or notification to Plaintiff.

Statement of Claim: Jackie Cox and CAG has caused harm and false charges against the Plaintiffs. The boundary of lot 22 is eastward 14 feet of lot 21 instead of part of lot 22. Fraud and misrepresentation caused unnecessary legal expenses, hardship, and bankruptcy. Surveyor fail to consult by law previour surveyor report of the Edge Group and participated in fraudulent business changing property records and transaction to take Plaintiff property.

Relief for the Plaintiff requesting the Court to order Jackie Cox to pay the Plaintiff for fraudulent deed $50,000, Cumberland Advisory Group false charges f encroachment $100,00 and using lot 21 for loans, false sanctions charges, attorney fees total amount $345.000 and Steven Matthews, $50.000 not consult surveyor and made false statements to get CAG encroachment against Plaintiff.

Submitted by,

Martha Arnita Lee

Martha Arnita Lee

Bennie Lee

Bennie Lee

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on 23 day of August 2021 a true and exact copy of the foregoing has been forwarded, by prepaid, UPS, Mail to Jackie Cox, 1062 2nd Avenue South, Nashville, Tennessee 37210. Glenn Dukes, Cumberland Advisory Group , 417 Humphrey Street, Nashville, Tennessee 37203. Steven C. Matthews, 516 Heather Pl, Nashville, Tennessee 37204; Brandon McDonald, Urban Dwell Homes 203 Point East Drive, Nashville, State of Tennesse, Deed & Compliance, Davidson County Assessor of Property, Vivian M. Wilhoite, Property Assessor

Martha Arnita Lee

Bennie Lee Jr.