1



**PREPARED BY:**

Mrs. Pinkie Boddy

P.O. Box 171033
Nashville, Tennessee 37217

**AFTER RECORDING RETURN TO:**

Mrs. Martha Arnita Lee

1059 2nd Avenue South

Nashville, Tennessee 37210

STATE OF TENNESSEE

COUNTY OF ~~DAVIDSON~~ Wilson

THE ACTUAL CONSIDERATION or value
is greater, for this transfer is **$25,200.00**

Affiant Martha Arnita Lee

Subscribed and sworn before me, this

6th day of July, 2020

[signature]

Notary Public

MYROSLAV KUZMYN STATE OF TENNESSEE NOTARY PUBLIC WILSON COUNTY

My Commission Expires 10-6-2021

Parcell ID# 093-15-0-292.00

**RERECORD` WARRANTY DEED DATED NOVEMBER 22, 2000**

## WARRANTY DEED

**THIS DEED** dated 11/22/2000 is made by and between **MRS. MARIAN BOWMAN**, the "Grantor", located at 125 Searcy Road, Mt. Juliet, Tennessee 37122 in the County of DAVIDSON, and **MRS. MARTHA ARNITA LEE**, the "Grantee" whose legal address is 1059 2nd Avenue South, Nashville, Tennessee 37210 located in the County of DAVIDSON.

**WITNESS,** that the Grantor, for and in consideration for the total sum of **$25,200.00** DOLLARS, the receipt and sufficiency of which is hereby acknowledged, hereby grants, bargains, sells, conveys and confirms unto the Grantee and the Grantee's heirs, and assigns forever all the real property, together with any improvements thereon, located in Davidson County and in the State of Tennessee, herein described as follows:"

**FULL LEGAL DESCRIPTION:** HEREINAFTER THE GRANTORS, HAVE BARGAINED AND SOLD AND BY THESE PRESENTS DO TRANSFER AND CONVEY UNTO MARTHA ARNITA LEE.

HEREINAFTER CALLED THE **GRANTEES, THEIR HEIRS AND ASSIGNS** A CERTAIN TRACT OR PARCEL OF LAND IN DAVIDSON COUNTY, STATE OF TENNESSEE DESCRIBED AS FOLLOWS:

Being the southerly 7 feet to boundary of lot 20 and the northerly (front) 38 feet on lot 21 on the Plan of Paul's Elysian Grove Plan of lots in South Nashville as recorded in Plan Book 1, Page 134 Chancery Court of Nashville.

From lots Nos. 20 (north) boundary and lot 21 front (north) 45 feet . The westward and eastward sides lot 21 on Second Avenue South, formerly Market Street and runs back between parallel lines 135 feet or more to an alley.

MAP OF SITE, RESIDENTIAL APPRAISAL DATED NOVEMBER 3, 2000

BEING the same property conveyed to H.E. Collins, Trustee by Quitclaim Deed from Freeman Bell, Jr., and John Bell and conveyed to Freeman Bell, Jr. and wife Deandrew Bell, as tenants by the entirety of record in Book 9250, Page 789, Register's Office Davidson County Tennessee. Freeman Bell, Jr, died September 15, 1994: Tenant Deandrew Bell recorded as tenant in Book 9250, Page 789-790, died May 19, 1998. Pursuant to Last Will and Testament of Deandrew Bell dated May 14, 1998, Marian Bowman was appointed Executrix with full power to sell, transfer, and convey any property real or personal.

THIS CONVEYANCE IS SUBJECT TO: (1) Current years taxes which have been prorated and assumed by the Grantee: (2) All restrictions of the record: (3) All easement of record: (4) All visible easements: (5) All matters appearing on the plan of record: (6) All applicable government and zoning regulations.

This is improved (x) property, known as 1059 2nd Avenue, South, Nashville, Tennessee 37210

TO HAVE AND TO HOLD the said tract or parcel of land, with the appurtenances, estate, title and interest thereto belonging to the said GRANTEES, their heirs and assigns forever: and we do convenant with the said GRANTEES that we are lawfully seized and possessed of said land in fee simple, having a good right to convey it and the same is unencumbered, unless otherwise herein set out: and we do further covenant and bind ourselves, our heirs and representatives to warrant and forever defend the title to the said land to the said GRANTEES, their heirs and assigns, against the lawful claims of all persons whomsoever. Wherever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders.

Witness by this hand this 6th day of July ________ 2020

The Estate of Deandrew Bell

By Marian Bowman

Marian Bowman(Executrix)

STATE OF TENNESSEE

COUNTY OF ~~DAVIDSON~~ Wilson

Before me the undersigned a Notary Public within and for the State and County aforesaid Personally appeared **MARIAN BOWMAN** with whom I am personally acquainted and who upon her oath{s} acknowledge herself to be the Executrix respectively of The Estate of Deandrew Bell the within named bargainer and that she as such Executrix being authorized so to do, execute the foregoing instrument for the purpose therein contained by signing the name of the corporation, by the said **MARIAN BOWMAN** as Executrix.

WITNES my hand and official seal at 6th on this the day of July 2020

My commission expires 10-6-2021 [signature]

(Affix Seal) Notary Public

MYROSLAV KUZMYN STATE OF TENNESSEE NOTARY PUBLIC WILSON COUNTY

**SWORNED AFFIDAVIT**

**STATE OF TENNESSEE)**

**COUNTY OF WILSON)**

The undersigned being duly sworn hereby deposed and says:

My legal name is Marian Bowman. I am over eighteen and a resident of the State of Tennessee. I have personal knowledge of the facts herein, and if called as a witness could testify completely Thereto:

## Conveyance

Being the same property conveyed to H.E. Collins Trustee by quitclaim deed from Freeman Bell and John Bell and further convey to Freeman Bell, Jr. and wife Deandrew Bell as tenants by entirety of record in Book 9250, Page 789-790, Register's Office for Davidson County, Tennessee. Freeman Bell, Jr. died September 15, 1994 and Deandrew Bell died May 19, 1998. Pursuant to Last Will and Testament of Deandrew Bell dated May 14, 1998. Marian Bowman filed in State of Tennessee Wilson County receiving Letters Testamentary on May 26, 1998 giving her full authority according to law to honestly and faithfully discharge the duties of Executrix.

## Background

For and in consideration of $1.00 and other good and valuable consideration and for the express purpose of creating a fee simple title in and to Freeman Bell, Jr. and wife Deandrew Bell, as tenants by the entirety, We, Freeman Bell, Jr. and John Bell, by these presents do hereby quitclaim and convey unto H.E. Collins, Trustee, his successors and assigns, the following described tract or parcel, of land in Davidson County, Tennessee., To Wit:

Being the southerly 7 feet of lot No. 20 and the northerly 36 feet of lot No. 21 on the Plan of Paul's Elysian Grove Plan of lots in South Nashville, as of record in Plan Book 1, Page 134, Chancery Court at Nashville.

^The recorded record reads":

"BEING the same property conveyed to Daisy Bell and Freeman Bell, Jr. by deed from A.T. Hoover and wife, Irene Hoover of record in Book 2488, Page 276, R.O.D.C. Tennessee, the said Freeman Bell, Jr., and John Bell being her sole surviving heirs at law.

SAID parts of Lots Nos. 20 and 21 Front together 43 feet on the westerly side of Second Avenue South, formerly Market Street, and run back between parallel lines 135 feet, more or less, to an alley. This is improved properly known as 1059 2nd Avenue South, Nashville, Tennessee.

AND now, I the said H.E. Collins, Trustee for the express purpose of carrying out the intent of this conveyance, as above set out, do hereby quitclaim and convey unto Freeman Bell, Jr. and wife Deandrew Bell, as tenants by their entirety, their heirs and assigns, the same property hereinabove described and set forth, to which reference is here made, and said property is conveyed subject to the same limitations, restrictions and encumbrances as may affect the premises.

Freeman Bell, Jr name and Daisy Bell on the deed when property was purchased January 10, 1956 The property at 1059 2nd Avenue South, Nashville, Tennessee remained in both names until February 14, 1994 Book 9250 Page 789-790. (Deed changed to Freeman Bell, Jr. and Deandrew Bell) by quitclaim deed and in c/o Marian Bowman 125 Searcy Dr. Mt Juliet, Tennessee 37122. Freeman Bell died September 15, 1994. Deandrew Bell died May 19, 1998.

The Assessor of property records did not have recorded Marian Bowman as Executrix for the Estate of Deandrew Bell property at 1059 Second Avenue South Nashville, Tennessee.
The property records should have recorded sold by Estate of Deandrew Bell with Mrs. Marian Bowman as the seller,

The land surface and boundary Survey of 1059 2nd Avenue South, Nashville, Tennessee 37210 was completed by the Edge Group for The Estate of Deandrew Bell and recorded on Uniform Residential Appraisal Report (URAR) site dimension 45'x135'. The site dimension when purchased and recorded with Assessor of property on January 10, 1956. The Settlement Statement on U.S. Department of Housing and Urban Development form has payment of expenses paid for survey by Edge Group, the Wilson & Weiss Title Company ONLY prepared the document for payment which has county taxes paid by the Estate for property 45'x135' county taxes in the amount of 455.81 for 1059 Second Avenue, South Nashville Tennessee 37210.

Marian Bowman
Signature Marian Bowman, Executrix

I, Ted Matthews A Notary Public, do hereby certify that on this 6 Day of Nov, 2020. Personally appeared before me Marian Bowman Known to be the person whose name is subscribed on the forgoing instrument and swore and acknowledged to me that she executed the same for the purpose and in the capacity therein expressed, and that the statements contained there are true and correct

Notary Public State of Tenn
Name Ted Matthews
My Commission Expires

TED G MATTHEWS STATE OF TENNESSEE NOTARY PUBLIC DAVIDSON COUNTY
My Commission Expires March 8, 2022

## SWORNED AFFIDAVIT

STATE OF TENNESSEE)

COUNTY OF DAVIDSON)

The undersigned being duly sworn hereby deposed and says:

My legal name is Martha Arnita Lee. I am over eighteen and a resident of Tennessee. I have personal knowledge of the facts herein, land if called as a witness could testify completely thereto:

November 22, 2000, I purchased 1059 Second Avenue, South Nashville, Tennessee 37210. from . Marian Bowman, (daughter) and Executrix of Estate of Deandrew Bell.

## BACKGROUND

Being the same property conveyed to H.E. Collins Trustee by quitclaim deed from Freeman Bell and John Bell and further conveyed to Freeman Bell, Jr. and wife Deandrew Bell as tenants by the entirety of record in Book 9250, Page 789, Register's Office for Davidson County, Tennessee, Freeman Bell, Jr. died September 15, 1994 and Deandrew Bell died May 19, 1998. Puruant to Last Will and Testament of Deandrew Bell dated May 14, 1998. Marian Bowman filed in State of Tennessee, Wilson County receiving Letters Testamentary on May 26, 1998 giving her full authority according to law to honestly and faithfully discharge the duties of Executrix.

## CONVEYANCE

Document for conveyance of property at 1059 Second Avenue South, Nashville, Tennessee 37210 was prepared by Tim Callahan of Central South Appraisal Service for Solution, Inc. of Franklin, Tennessee. These documents are Uniform Residential Appraisal, map of comparative

properties, sketch of specific measurements given and Settlement Statement U.S. Department Housing and Urban Development and has the seller as "The Estate of Deandrew Bell, Lender as National Bank of Commerce and Buyer Martha Arnita Lee.

The Assessor of property records did not have recorded Marian Bowman as Executrix for the Estate of Deandrew Bell. for the property at 1059 Second Avenue South, Nashville, Tennessee. The property records should have "sold" by Estate of Deandrew Bell with Mrs. Marian Bowman as Executrix and seller.

The land and boundary survey 1059 Second Avenue South, Nashville, Tennessee 37210 completed by the Edge Group for the Estate of Deandrew Bell and recorded on the Uniform Residential Appraisal Report (URAR) site dimension site 45'x135'. The site dimension has been recorded Assessor of Property before 1956.

Payment for this service is on the Settlement Statement transaction for the Estate of Deandrew Bell with Mrs. Marian Bowman, Executrix. Property records for 1059 Second Avenue South, Nashville, Tennessee 37210 were changed in Assessor of Property records without my knowledge or notification. I was not given an opportunity to file an appeal. The property boundary line has been moved and changed. Cumberland Advisory Group (CAG is encroaching on lot 21.

Mrs. Martha Arnita Lee (signature)

Mrs. Martha Arnita Lee

I Ted Matthews, A Notary Public, do hereby certify that On this 6 day of Nov 2020. Personally appeared before me Martha Lee known to be the person whose name is subscribed to the foregoing instrument and swore and expressed and that the statement contained therein and true and correct.

Notary Public State of Tenn Name Ted Matthe (signature)

My Commission Expires My Commission Expires March 8, 2022

TED G MATTHEWS STATE OF TENNESSEE NOTARY PUBLIC DAVIDSON COUNTY

**SWORNED AFFIDAVIT**

STATE OF TENNESSEE)

COUNTY OF DAVIDSON)

The undersigned being duly sworn hereby deposed and says:

My legal name is Bennie Lee. I am over eighteen and a resident of Tennessee. I have personal knowledge of the facts herein, land if called as a witness could testify completely thereto:

November 22, 2000, I purchased 1059 Second Avenue, South Nashville, Tennessee 37210. from . Marian Bowman, (daughter) and Executrix of Estate of Deandrew Bell.

**BACKGROUND**

Being the same property conveyed to H.E. Collins Trustee by quitclaim deed from Freeman Bell and John Bell and further conveyed to Freeman Bell, Jr. and wife Deandrew Bell as tenants by the entirety of record in Book 9250, Page 789, Register's Office for Davidson County, Tennessee, Freeman Bell, Jr. died September 15, 1994 and Deandrew Bell died May 19, 1998. Puruant to Last Will and Testament of Deandrew Bell dated May 14, 1998. Marian Bowman filed in State of Tennessee, Wilson County receiving Letters Testamentary on May 26, 1998 giving her full authority according to law to honestly and faithfully discharge the duties of Executrix.

**CONVEYANCE**

Document for conveyance of property at 1059 Second Avenue South, Nashville, Tennessee 37210 was prepared by Tim Callahan of Central South Appraisal Service for Solution, Inc. of Franklin, Tennessee. These documents are Uniform Residential Appraisal, map of comparative

properties, sketch of specific measurements given and Settlement Statement U.S. Department Housing and Urban Development and has the seller as "The Estate of Deandrew Bell, Lender as National Bank of Commerce and Buyer Martha Arnita Lee.

The Assessor of property records did not have recorded Marian Bowman as Executrix for the Estate of Deandrew Bell. for the property at 1059 Second Avenue South, Nashville, Tennessee. The property records should have "sold" by Estate of Deandrew Bell with Mrs. Marian Bowman as Executrix and seller.

The land and boundary survey 1059 Second Avenue South, Nashville, Tennessee 37210 completed by the Edge Group for the Estate of Deandrew Bell and recorded on the Uniform Residential Appraisal Report (URAR) site dimension site 45'x135'. The site dimension has been recorded Assessor of Property before 1956.

Payment for this service is on the Settlement Statement transaction for the Estate of Deandrew Bell with Mrs. Marian Bowman, Executrix. Property records for 1059 Second Avenue South, Nashville, Tennessee 37210 were changed in Assessor of Property records without my knowledge or notification. I was not given an opportunity to file an appeal. The property boundary line has been moved and changed. Cumberland Advisory Group (CAG is encroaching on lot 21.

Mr. Bennie Lee

I Ted Matthews, A Notary Public, do hereby certify that On this 6 day of Nov 2020. Personally appeared before me Bennie Lee known to be the person whose name is subscribed to the foregoing instrument and swore and expressed and that the statement contained therein and correct.

Notary Public State of Tenn Name Ted Matthews

My Commission Expires

TED MATTHEWS STATE OF TENNESSEE NOTARY PUBLIC DAVIDSON COUNTY

My Commission Expires March 8, 2022

# Letters Testamentary

Marian Bowman

Execut .................. of

Deandrew Bell

Deceased.

Issued May 26, 19 98

Jim Goodale

Clerk.

By Brenda Dedman

D.C.

STATE OF TENNESSEE, WILSON COUNTY

I (or we) do solemnly swear that I (or we) will honestly and faithfully discharge the duties of Execut .................. of the estate of ..................

Deandrew Bell .................. according to law, to the best of my knowledge and ability.

So help me God. /s/ Marian Bowman

Subscribed and sworn to before me, this 26 day of May, 19 98

Brenda Dedman, Deputy Clerk.

STATE OF TENNESSEE, WILSON COUNTY

I, .................. Deputy Clerk of the County Court of Wilson County, Tennessee, do hereby certify that the within is a full, true and complete copy of the Letters of Testimentary issued on the day of .................., 19 .................. to .................. as Execut .................. of the estate of .................. deceased

And that the said .................. is now the duly qualified and acting Execut .................. of said estate.

Witness my hand and official seal at office in Wilson, Tennessee, this the .................. day of .................., 19 ..................

..................

Deputy County Court Clerk

N0019001 0210971990.

# TENNESSEE DEPARTMENT OF REVENUE

May 2, 1999

ESTATE OF DEANDREW O BELL
ATTN: MARIAN D BOWMAN
125 SEARCY RD
MOUNT JULIET TN 37122-2545

| | |
|---|---|
| Account Type: | INHERIT TX |
| Account No.: | 440124929 |
| Date of Death: | May 19, 1998 |
| County: | DAVIDSON |
| Social Security No.: | 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 |

A sworn return for inheritance tax has been filed with this department by the representative of the above estate.

As provided in Section 67-8-420, Tennessee Code Annotated, this receipt or certificate authorizes the court of the county in which such estate was administered to permit a final settlement or accounting by the estate representative.

The liability shown to be due and paid to the State of Tennessee is denoted below:

| | |
|---|---|
| Inheritance Tax: | $0.00 |
| Estate Tax: | $0.00 |
| Interest: | $0.00 |
| Penalty: | $0.00 |
| Total: | $0.00 |

DETACH BELOW AND RETAIN FOR YOUR RECORDS


TENNESSEE DEPARTMENT OF REVENUE

ESTATE OF DEANDREW O BELL
ATTN: MARIAN D BOWMAN
125 SEARCY RD
MOUNT JULIET, TN 37122-2545

May 2, 1999

| | |
|---|---|
| Account Type: | INHERIT TX |
| Account No.: | 440124929 |
| Date of Death: | May 19, 1998 |
| County: | DAVIDSON |
| Social Security No.: | 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 |

A sworn return for inheritance tax has been filed with this department by the representative of the above estate.

As provided in Section 67-8-420, Tennessee Code Annotated, this receipt or certificate authorizes the court of the county in which such estate was administered to permit a final settlement or accounting by the estate representative.

The liability shown to be due and paid to the State of Tennessee is denoted below:

| | |
|---|---|
| Inheritance Tax: | $0.00 |
| Estate Tax: | $0.00 |
| Interest: | $0.00 |
| Penalty: | $0.00 |
| Total: | $0.00 |

*IMPORTANT: RETURN THIS PORTION WITH YOUR PAYMENT*

# 1999 REAL PROPERTY TAX STATEMENT

CONTROL NUMBER: 99 187-971-00
MAP/PAR 093-15-0 292.00
SA/FB 15W 02435

PROPERTY ADDRESS:
1059 2ND AV S

| | |
|---|---|
| TOTAL TAXES: | $455.8 |
| HALF PAYMENT: | $227.9 |
| MINIMUM PAYMENT: | $91.1 |

*******************5-DIGIT 37122

BELL, DEANDREW M.

% MARIAN BOWMAN, 125 SEARCY DR
MT. JULIET TN 37122

*AMOUNT REMITTED: $* ______________

TO AVOID PENALTY AND INTEREST, TOTAL TAX MUST BE PAID BY: FEBRUARY 29, 2000

11999187971000000002279100000455810

*IMPORTANT: RETAIN THIS PORTION FOR YOUR RECORDS*

## 1999 REAL PROPERTY TAX STATEMENT

CONTROL NUMBER: 99 187-971-00

MAP/PAR: 093-15-0 292.00 SA/FB: 15W 02435

DESCRIPTION: PT LOTS 20 & 21 PAULS ELYSIAN GROVE

LOCATION: 1059 2ND AV S

PREVIOUS OWNERS NAME IF OWNERSHIP CHANGED AFTER JAN 1.

MAILING ADDRESS:
BELL, DEANDREW M.

% MARIAN BOWMAN, 125 SEARCY DR
MT. JULIET TN 37122

| | |
|---|---|
| APPRAISED VALUE: | $43,000 |
| CLASS & RATE: | RESIDENTIAL 25% |
| ASSESSED VALUE: | $10,750 |

YOUR TAXES ARE DISTRIBUTED AS FOLLOWS:

| FUND DESCRIPTION | RATE | AMOUNT |
|---|---|---|
| GENERAL GOVERNMENT | 2.18 | $234.35 |
| SCHOOL FUNDING | 1.21 | $130.08 |
| URBAN GENERAL GOVERNMENT | .85 | $91.38 |
| TOTAL TAXES | 4.24 | $455.81 |

IF YOU ARE AGE 65 OR OLDER, IF YOU ARE TOTALLY AND PERMANENTLY DISABLED, LIVE ON THE PROPERTY, AND THE ANNUAL INCOME OF ALL OWNERS (ALL SOURCES) WAS $11,360.00 OR LESS IN 1998, YOU MAY QUALIFY FOR THE STATE OF TENNESSEE/METRO TAX RELIEF PROGRAM. IF YOU FEEL THAT YOU OR SOMEONE YOU KNOW MIGHT QUALIFY, PLEASE CALL OUR OFFICE.

AN AMENDMENT TO STATE LEGISLATION 67-5-1801 ALLOWS PROPERTY OWNERS TO MAKE PARTIAL PAYMENTS OF NO LESS THAN FIFTEEN PERCENT (15%) OF THE YEAR'S TAX LIABILITY. THE AMOUNT SHOWN ON YOUR TAX STATEMENT AS "MINIMUM PAYMENT" REPRESENTS TWENTY PERCENT (20%) OF YOUR TAXES.

PLEASE CALL 862-6330 FOR ANY TAX QUESTIONS OR CONCERNS YOU MAY HAVE.

CHARLIE CARDWELL, TRUSTEE

The Trustee's Office is located at 800 2nd Ave. NORTH (in the Clifford Allen Building). We will be open Saturdays from 8 a.m. until noon, October 2 through March 11 (except Holiday Weekends).

Charlie Cardwell, Metropolitan Trustee
800 Second Avenue North, Suite 2
Nashville, TN 37201-5007

*IMPORTANT: RETURN THIS PORTION WITH YOUR PAYMENT*
*make check payable to:*

Metropolitan Trustee
P.O. Box 305012
Nashville, TN 37230-5012
☐ Indicate mailing address change on reverse side

**2001 REAL PROPERTY TAX STATEMENT**

CONTROL NUMBER: 2001 191-441-00
MAP/PAR 093-15-0 292.00
SA/FB 15W 02435
PROPERTY ADDRESS:
1059 2ND AV S

*******************5-DIGIT 37210
LEE, MARTHA ARNITA

1059 2ND AVE S
NASHVILLE TN 37210-2642

| | |
|---|---|
| TOTAL TAXES: | $498.08 |
| HALF PAYMENT: | $249.04 |
| MINIMUM PAYMENT: | $99.62 |

*AMOUNT REMITTED: $* _______________

TO AVOID PENALTY AND INTEREST, TOTAL TAX MUST BE PAID BY: FEBRUARY 28, 2002

120011914410000000249040000000498085

---

Pat Alexander - 862-6330

*IMPORTANT: RETAIN THIS PORTION FOR YOUR RECORDS*

**2001 REAL PROPERTY TAX STATEMENT** CONTROL NUMBER: 2001 191-441-00

MAP/PAR: 093-15-0 292.00 SA/FB: 15W 02435

DESCRIPTION: PT LOTS 20 & 21 PAULS ELYSIAN GROVE

LOCATION: 1059 2ND AV S
PRIOR OWNER:
IF OWNERSHIP CHANGED
AFTER JAN 1.

MAILING ADDRESS:
LEE, MARTHA ARNITA

1059 2ND AVE S
NASHVILLE TN 37210-2642

APPRAISED VALUE: $43,500
CLASS & RATE: RESIDENTIAL 25%
ASSESSED VALUE: $10,875

YOUR TAXES ARE DISTRIBUTED AS FOLLOWS:

| FUND DESCRIPTION | RATE | AMOUNT |
|---|---|---|
| GENERAL GOVERNMENT | 2.40 | $261.00 |
| SCHOOL FUNDING | 1.44 | $156.60 |
| URBAN GENERAL GOVERNMENT | .74 | $80.48 |
| TOTAL TAXES | 4.58 | $498.08 |

---

IF YOU ARE AGE 65 OR OLDER, IF YOU ARE TOTALLY AND PERMANENTLY DISABLED, LIVE ON THE PROPERTY, AND THE 2000 ANNUAL INCOME FROM ALL OWNERS (ALL SOURCES) WAS $11,800.00 OR LESS, YOU MAY QUALIFY FOR THE STATE OF TENNESSEE/METRO TAX RELIEF PROGRAM. IF YOU FEEL THAT YOU OR SOMEONE YOU KNOW QUALIFIES, PLEASE CALL OUR OFFICE.

AN AMENDMENT TO STATE LEGISLATION 67-5-1801 ALLOWS PROPERTY OWNERS TO MAKE PARTIAL PAYMENTS OF NO LESS THAN FIFTEEN PERCENT (15%) OF THE YEAR'S TAX LIABILITY. THE AMOUNT SHOWN ON YOUR TAX STATEMENT AS 'MINIMUM PAYMENT' REPRESENTS TWENTY PERCENT (20%) OF YOUR TAXES.

PLEASE CALL (615) 862-6330 FOR ANY TAX QUESTIONS YOU MAY HAVE.

CHARLIE CARDWELL, TRUSTEE

The Trustee's Office is located at 800 2nd Ave. NORTH (in the Clifford Allen Building). We will be open Saturdays from 8 a.m. until noon, October 6 through March 9 (except Holiday Weekends).

T. Callahan
Central South Appraisal Service
202 Green Valley Blvd
Franklin, TN 37064-5271

November 3, 2000

Solutions, Inc.
Franklin, Tennessee

Re: Property: 1059 2nd Avenue South
Nashville, TN 37210
Borrower: Arnita Lee
File No.: 00C204

In accordance with your request, we have appraised the above referenced property. The report of that appraisal is attached.

The purpose of this appraisal is to estimate the market value of the property described in this appraisal report, as improved, in unencumbered fee simple title of ownership.

This report is based on a physical analysis of the site and improvements, a locational analysis of the neighborhood and city, and an economic analysis of the market for properties such as the subject. The appraisal was developed and the report was prepared in accordance with the Uniform Standards of Professional Appraisal Practice.

The value conclusions reported are as of the effective date stated in the body of the report and contingent upon the certification and limiting conditions attached.

It has been a pleasure to assist you. Please do not hesitate to contact me or any of my staff if we can be of additional service to you.

Sincerely,

T. Callahan

**DEFINITION OF MARKET VALUE:** The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he considers his own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

* Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgement.

# STATEMENT OF LIMITING CONDITIONS AND APPRAISER'S CERTIFICATION

**CONTINGENT AND LIMITING CONDITIONS:** The appraiser's certification that appears in the appraisal report is subject to the following conditions:

1. The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it. The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title. The property is appraised on the basis of it being under responsible ownership.

2. The appraiser has provided a sketch in the appraisal report to show approximate dimensions of the improvements and the sketch is included only to assist the reader of the report in visualizing the property and understanding the appraiser's determination of its size.

3. The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in the appraisal report whether the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

4. The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand.

5. The appraiser has estimated the value of the land in the cost approach at its highest and best use and the improvements at their contributory value. These separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used.

6. The appraiser has noted in the appraisal report any adverse conditions (such as, needed repairs, depreciation, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she became aware of during the normal research involved in performing the appraisal. Unless otherwise stated in the appraisal report, the appraiser has no knowledge of any hidden or unapparent conditions of the property or adverse environmental conditions (including the presence of hazardous wastes, toxic substances, etc.) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, the appraisal report must not be considered as an environmental assessment of the property.

7. The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct. The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.

8. The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice.



9. The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that completion of the improvements will be performed in a workmanlike manner.

**APPRAISER'S CERTIFICATION:** The Appraiser certifies and agrees that:

1. I have researched the subject market area and have selected a minimum of three recent sales of properties most similar and proximate to the subject property for consideration in the sales comparison analysis and have made a dollar adjustment when appropriate to reflect the market reaction to those items of significant variation. If a significant item in a comparable property is superior to, or more favorable than, the subject property, I have made a negative adjustment to reduce the adjusted sales price of the comparable and, if a significant item in a comparable property is inferior to, or less favorable than the subject property, I have made a positive adjustment to increase the adjusted sales price of the comparable.

2. I have taken into consideration the factors that have an impact on value in my development of the estimate of market value in the appraisal report. I have not knowingly withheld any significant information from the appraisal report and I believe, to the best of my knowledge, that all statements and information in the appraisal report are true and correct.

3. I stated in the appraisal report only my own personal, unbiased, and professional analysis, opinions, and conclusions, which are subject only to the contingent and limiting conditions specified in this form.

4. I have no present or prospective interest in the property that is the subject to this report, and I have no present or prospective personal interest or bias with respect to the participants in the transaction. I did not base, either partially or completely, my analysis and/or the estimate of market value in the appraisal report on the race, color, religion, sex, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property or of the present owners or occupants of the properties in the vicinity of the subject property.

5. I have no present or contemplated future interest in the subject property, and neither my current or future employment nor my compensation for performing this appraisal is contingent on the appraised value of the property.

6. I was not required to report a predetermined value or direction in value that favors the cause of the client or any related party, the amount of the value estimate, the attainment of a specific result, or the occurrence of a subsequent event in order to receive my compensation and/or employment for performing the appraisal. I did not base the appraisal report on a requested minimum valuation, a specific valuation, or the need to approve a specific mortgage loan.

7. I performed this appraisal in conformity with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place as of the effective date of this appraisal, with the exception of the departure provision of those Standards, which does not apply. I acknowledge that an estimate of a reasonable time for exposure in the open market is a condition in the definition of market value and the estimate I developed is consistent with the marketing time noted in the neighborhood section of this report, unless I have otherwise stated in the reconciliation section.

8. I have personally inspected the interior and exterior areas of the subject property and the exterior of all properties listed as comparables in the appraisal report. I further certify that I have noted any apparent or known adverse conditions in the subject improvements, on the subject site, or on any site within the immediate vicinity of the subject property of which I am aware and have made adjustments for these adverse conditions in my analysis of the property value to the extent that I had market evidence to support them. I have also commented about the effect of the adverse conditions on the marketability of the subject property.

9. I personally prepared all conclusions and opinions about the real estate that were set forth in the appraisal report. If I relied on significant professional assistance from any individual or individuals in the performance of the appraisal or the preparation of the appraisal report, I have named such individual(s) and disclosed the specific tasks performed by them in the reconciliation section of this appraisal report. I certify that any individual so named is qualified to perform the tasks. I have not authorized anyone to make a change to any item in the report; therefore, if an unauthorized change is made to the appraisal report, I will take no responsibility for it.

**SUPERVISORY APPRAISER'S CERTIFICATION:** If a supervisory appraiser signed the appraisal report, he or she certifies and agrees that: I directly supervise the appraiser who prepared the appraisal report, have reviewed the appraisal report, agree with the statements and conclusions of the appraiser, agree to be bound by the appraiser's certifications numbered 4 through 7 above, and am taking full responsibility for the appraisal and the appraisal report.

**ADDRESS OF PROPERTY APPRAISED:** 1059 2nd Avenue South, Nashville, TN 37210

**APPRAISER:**

Signature:
Name: T. Callahan
Date Signed: 11/6/2000

**SUPERVISORY APPRAISER (only if required):**

Signature:
Name:
Date Signed:

Case 3:21-cv-00653 Document 1-1 Filed 08/23/21 Page 17 of 37 PageID #: 28

00C204

# UNIFORM RESIDENTIAL APPRAISAL REPORT

Property Description — File No. 00C204

## SUBJECT

Property Address 1059 2nd Avenue South | City Nashville | State TN | Zip Code 37210

Legal Description Pt Lots 20 & 21 Pauls Elysian Grove | County Davidson

Assessor's Parcel No. 292.00 | Tax Year 1998 | R.E. Taxes $ 455.81 | Special Assessments $

Borrower Arnita Lee | Current Owner Marian Bowman | Occupant: ☒ Owner ☐ Tenant ☐ Vacant

Property rights appraised ☒ Fee Simple ☐ Leasehold | Project Type ☐ PUD ☐ Condominium (HUD/VA only) | HOA $ N/A /Mo.

Neighborhood or Project Name | Map Reference 092-150 | Census Tract 160.00

Sale Price $ 25,200 | Date of Sale 11/03/2000 | Description and $ amount of loan charges/concessions to be paid by seller $5,200 Closing Costs

Lender/Client Solutions, Inc. | Address Franklin, Tennessee

Appraiser T. Callahan | Address 202 Green Valley Blvd Franklin, TN 37064-5271

## NEIGHBORHOOD

| | | | | Predominant occupancy | Single family housing PRICE $(000) | AGE (yrs) | Present land use % | | Land use change |
|---|---|---|---|---|---|---|---|---|---|
| Location | ☒ Urban | ☐ Suburban | ☐ Rural | ☒ Owner 75 | 25 Low | 10 | One family | 50 | ☒ Not likely ☐ Likely |
| Built up | ☒ Over 75% | ☐ 25-75% | ☐ Under 25% | ☒ Tenant 25 | 85 High | 120+ | 2-4 family | 5 | ☐ In process |
| Growth rate | ☐ Rapid | ☒ Stable | ☐ Slow | ☒ Vacant (0-5%) | Predominant | | Multi-family | 10 | To: |
| Property values | ☐ Increasing | ☒ Stable | ☐ Declining | ☐ Vac.(over 5%) | 35-45 | 50-70 | Commercial | 20 | |
| Demand/supply | ☐ Shortage | ☒ In balance | ☐ Over supply | | | | Industrial | 15 | |
| Marketing time | ☐ Under 3 mos. | ☒ 3-6 mos. | ☐ Over 6 mos. | | | | | | |

**Note: Race and the racial composition of the neighborhood are not appraisal factors.**

Neighborhood boundaries and characteristics: The subject area is located Lafayette Street and 4th Avenue South near the state fairgrounds.

Factors that affect the marketability of the properties in the neighborhood (proximity to employment and amenities, employment stability, appeal to market, etc.): The subject is located in an established residential area. This area has adequate access to schools, shopping centers, employment centers, freeways and primary roads. Marketability would be considered average compared to other similar competing areas.

Market conditions in the subject neighborhood (including support for the above conclusions related to the trend of property values, demand/supply, and marketing time -- such as data on competitive properties for sale in the neighborhood, description of the prevalence of sales and financing concessions, etc.): Available recent sales indicate an average marketing time of three-to-six months. Financing is generally conventional or FHA with no special concessions given.

## PUD

Project Information for PUDs (If applicable) - - Is the developer/builder in control of the Home Owners' Association (HOA)? ☐ Yes ☐ No

Approximate total number of units in the subject project ______ Approximate total number of units for sale in the subject project ______

Describe common elements and recreational facilities: N/A

## SITE

Dimensions 45'X 135' | Topography Mostly Level

Site area 0.15+- Acre | Corner Lot ☐ Yes ☒ No | Size Typical of area

Specific zoning classification and description R6 (Medium High Density Residential) | Shape Rectangular

Zoning compliance ☒ Legal ☐ Legal nonconforming (Grandfathered use) ☐ Illegal ☐ No zoning | Drainage Appears Adequate

Highest & best use as improved: ☒ Present use ☐ Other use (explain) | View Average

| Utilities | Public | Other | Off-site Improvements | Type | Public | Private | | |
|---|---|---|---|---|---|---|---|---|
| Electricity | ☒ | | Street | Asphalt | ☒ | ☐ | Landscaping | Average |
| Gas | ☒ | | Curb/gutter | Concrete | ☒ | ☐ | Driveway Surface | Asphalt |
| Water | ☒ | | Sidewalk | Concrete | ☒ | ☐ | Apparent easements | Typical Utility |
| Sanitary sewer | ☒ | | Street lights | Yes | ☒ | ☐ | FEMA Special Flood Hazard Area | ☐ Yes ☒ No |
| Storm sewer | ☒ | | Alley | Asphalt | ☒ | ☐ | FEMA Zone Zone C | Map Date 6/15/82 |
| | | | | | | | FEMA Map No. | 470040 0169 B |

Comments (apparent adverse easements, encroachments, special assessments, slide areas, illegal or legal nonconforming zoning use, etc.): The subject site is typical for the immediate area. No unfavorable or adverse easements or encroachments were observed.

## DESCRIPTION OF IMPROVEMENTS

| GENERAL DESCRIPTION | | EXTERIOR DESCRIPTION | | FOUNDATION | | BASEMENT | | INSULATION | |
|---|---|---|---|---|---|---|---|---|---|
| No. of Units | One | Foundation | ConcBlk/Conc | Slab | Partial | Area Sq. Ft. | N/A | Roof | ☐ |
| No. of Stories | One+ | Exterior Walls | Alum Siding | Crawl Space | Partial | % Finished | N/A | Ceiling Unkn | ☒ |
| Type (Det./Att.) | Det | Roof Surface | Comp Shng | Basement | None | Ceiling | N/A | Walls Unkn | ☒ |
| Design (Style) | Trad | Gutters & Dwnspts. | Alum | Sump Pump | None Noted | Walls | N/A | Floor | ☐ |
| Existing/Proposed | Existing | Window Type | DH Wd/DH Mt | Dampness | None Noted | Floor | N/A | None | ☐ |
| Age (Yrs.) | 101 Yrs | Storm/Screens | Thrm,SW/Yes | Settlement | None Noted | Outside Entry | N/A | Unknown | ☐ |
| Effective Age (Yrs.) | 48-50 Yrs | Manufactured House | No | Infestation | None Noted | | | | |

| ROOMS | Foyer | Living | Dining | Kitchen | Den | Family Rm. | Rec. Rm. | Bedrooms | # Baths | Laundry | Other | Area Sq. Ft. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Basement | | | | | | | | | | | | N/A |
| Level 1 | X | 1 | 1 | 1 | 1 | 1 | | 2 | 1 | X | | 1,975 |
| Level 2 | | | | | | | | 2 | | | | 476 |

Finished area above grade contains: 9 Rooms; 4 Bedroom(s); 1 Bath(s); 2,451 Square Feet of Gross Living Area

| INTERIOR | Materials/Condition | HEATING | KITCHEN EQUIP. | ATTIC | AMENITIES | CAR STORAGE: |
|---|---|---|---|---|---|---|
| Floors | Crpt,Vnl-Avr | Type Stoves | Refrigerator ☐ | None ☐ | Fireplace(s) # Clsd | None ☒ |

Case 3:21-cv-00653 Document 1-1 Filed 08/23/21 Page 18 of 37 PageID #: 29

Highest & best use as improved: [X] Present use [ ] Other use (explain)

**SITE**

| Utilities | Public | Other | Off-site Improvements | Type | Public | Private |
|---|---|---|---|---|---|---|
| Electricity | [X] | | Street | Asphalt | [X] | [ ] |
| Gas | [X] | | Curb/gutter | Concrete | [X] | [ ] |
| Water | [X] | | Sidewalk | Concrete | [X] | [ ] |
| Sanitary sewer | [X] | | Street lights | Yes | [X] | [ ] |
| Storm sewer | [X] | | Alley | Asphalt | [X] | [ ] |

View: Average
Landscaping: Average
Driveway Surface: Asphalt
Apparent easements: Typical Utility
FEMA Special Flood Hazard Area [ ] Yes [X] No
FEMA Zone: Zone C Map Date: 6/15/82
FEMA Map No. 470040 0169 B

Comments (apparent adverse easements, encroachments, special assessments, slide areas, illegal or legal nonconforming zoning use, etc.): The subject site is typical for the immediate area. No unfavorable or adverse easements or encroachments were observed.

**DESCRIPTION OF IMPROVEMENTS**

| GENERAL DESCRIPTION | | EXTERIOR DESCRIPTION | | FOUNDATION | | BASEMENT | | INSULATION | |
|---|---|---|---|---|---|---|---|---|---|
| No. of Units | One | Foundation | ConcBlk/Conc | Slab | Partial | Area Sq. Ft. | N/A | Roof | [ ] |
| No. of Stories | One+ | Exterior Walls | Alum Siding | Crawl Space | Partial | % Finished | N/A | Ceiling | Unkn [X] |
| Type (Det./Att.) | Det | Roof Surface | Comp Shng | Basement | None | Ceiling | N/A | Walls | Unkn [X] |
| Design (Style) | Trad | Gutters & Dwnspts. | Alum | Sump Pump | None Noted | Walls | N/A | Floor | [ ] |
| Existing/Proposed | Existing | Window Type | DH Wd/DH Mt | Dampness | None Noted | Floor | N/A | None | [ ] |
| Age (Yrs.) | 101 Yrs | Storm/Screens | Thrm,SW/Yes | Settlement | None Noted | Outside Entry | N/A | Unknown | [ ] |
| Effective Age (Yrs.) | 48-50 Yrs | Manufactured House | No | Infestation | None Noted | | | | |

| ROOMS | Foyer | Living | Dining | Kitchen | Den | Family Rm. | Rec. Rm. | Bedrooms | # Baths | Laundry | Other | Area Sq. Ft. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Basement | | | | | | | | | | | | N/A |
| Level 1 | X | 1 | 1 | 1 | 1 | 1 | | 2 | 1 | X | | 1,975 |
| Level 2 | | | | | | | | 2 | | | | 476 |
| | | | | | | | | | | | | |

Finished area above grade contains: 9 Rooms; 4 Bedroom(s); 1 Bath(s); 2,451 Square Feet of Gross Living Area

| INTERIOR | Materials/Condition | HEATING | | KITCHEN EQUIP. | | ATTIC | | AMENITIES | | | CAR STORAGE: | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Floors | Crpt,Vl/Fair | Type | Stoves | Refrigerator | [ ] | None | [ ] | Fireplace(s) # | Closd | [ ] | None | [X] |
| Walls | Drywall,Panlng/Fair | Fuel | Nat Gas | Range/Oven | [X] | Stairs | [ ] | Patio | Enclosed | [X] | Garage | # of cars |
| Trim/Finish | Wood/Avg-Fair | Condition | Avg | Disposal | [ ] | Drop Stair | [ ] | Deck | None | [ ] | Attached | |
| Bath Floor | Vinyl/Avg-Fair | COOLING | | Dishwasher | [ ] | Scuttle | [X] | Porch | Covered | [X] | Detached | |
| Bath Wainscot | Drywall/Fair | Central | No | Fan/Hood | [ ] | Floor | [ ] | Fence | Full Yard | [X] | Built-In | |
| Doors | Wood/Avg | Other | WndUnit | Microwave | [ ] | Heated | [ ] | Pool | None | [ ] | Carport | 1 Car |
| | | Condition | Avg | Washer/Dryer | [ ] | Finished | [ ] | | | [ ] | Driveway | |

**COMMENTS**

Additional features (special energy efficient items, etc.): Concrete walks, gas water heater. Gas stoves used for heat are built-in in several rooms (see attached floorplan sketch).

Condition of the improvements, depreciation (physical, functional, and external), repairs needed, quality of construction, remodeling/additions, etc.: The subject is of average quality construction and is in similar condition to other such properties in the immediate area (i.e., in livable condition but in need of some updating and repair).

Adverse environmental conditions (such as, but not limited to, hazardous wastes, toxic substances, etc.) present in the improvements, on the site, or in the immediate vicinity of the subject property.: No signs of adverse environmental conditions were observed in the improvements, on the site, or in the immediate vicinity of the subject property.



Form UA2 — "TOTAL 2000 for Windows" appraisal software by a la mode, inc. — 1-800-ALAMODE


Enclosed Porch
utility area
Kitchen
Gas stove
Dining Room
Den
Gas Stove
Gas Stove
CLST
Living Room
Family Room
Bath
BR
BR
CL
STRS
Foyer
13.5'
2.3'
58.3'
6'
5.7'
7.5'
6'
41.3'
5.3'
19'
11'
2'
15.7'
26.7'
17'
GAS STOVE
CLST
BR
15.7'
2'
STAIRS
BR
11'
19'

# Comparable Photo Page

| | | | |
|---|---|---|---|
| Borrower/Client Arnita Lee | | | |
| Property Address 1059 2nd Avenue South | | | |
| City Nashville | County Davidson | State TN | Zip Code 37210 |
| Lender Solutions, Inc. | | | |



**Comparable 1**
534 Moore Avenue

| | |
|---|---|
| Proximity | 0.9 Mile South |
| Sale Price | 45,000 |
| GLA | 1,549 |
| Total Rooms | 5 |
| Total Bedrms | 3 |
| Total Bathrms | 1.5 |
| Location | Urban/Avg |
| View | Average |
| Site | 0.17+- Ac/Avg |
| Quality | Stone,Wd/Avg |
| Age | 57 Yrs |



**Comparable 2**
5 Garden Street

| | |
|---|---|
| Proximity | 0.6 Mile Southeas |
| Sale Price | 48,000 |
| GLA | 1,917 |
| Total Rooms | 7 |
| Total Bedrms | 3 |
| Total Bathrms | 1 |
| Location | Urban/Avg |
| View | Average |
| Site | 0.12+- Ac/Avg |
| Quality | Asbs Sdng/Avg |
| Age | 80 Yrs |



**Comparable 3**
1113 Summit Avenue

| | |
|---|---|
| Proximity | 1.75 Miles Southw |
| Sale Price | 47,000 |
| GLA | 1,404 |
| Total Rooms | 6 |
| Total Bedrms | 3 |

# Subject Photo Page

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Borrower/Client | Arnita Lee | | | | | | |
| Property Address | 1059 2nd Avenue South | | | | | | |
| City | Nashville | County | Davidson | State | TN | Zip Code | 37210 |
| Lender | Solutions, Inc. | | | | | | |



**Subject Front**

1059 2nd Avenue South

| | |
|---|---|
| Sales Price | 25,200 |
| GLA | 2,451 |
| Total Rooms | 9 |
| Total Bedrms | 4 |
| Total Bathrms | 1 |
| Location | Urban/Avg |
| View | Average |
| Site | 0.15+- Ac/Avg |
| Quality | Alum Sdng/Avg |
| Age | 101 Yrs |



**Subject Rear**



**Subject Street**

A. **Settlement Statement**

U.S. Department of Housing and Urban Development

Wilson & Weiss Title Associate

OMB No. 2502-0265

| | | | |
|---|---|---|---|
| B. Type of Loan<br>1. ☐ FHA 2. ☐ FmHA 3. ☒ Conv. Unins.<br>4. ☐ VA 5. ☐ Conv. Ins. | 6. File Number<br>B-1730 | 7. Loan Number | 8. Mortgage Insurance Case Number |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name and Address of Borrower | E. Name and Address of Seller | F. Name and Address of Lender |
|---|---|---|
| Martha Arnita Lee | The Estate of Deandrew Bell | National Bank of Commerce<br>221 4th Ave. North<br>Nashville, TN 37219 |

| G. Property Location | H. Settlement Agent | I. Settlement Date |
|---|---|---|
| 1059 2nd Avenue South<br>Nashville, Tennessee 37210<br>Davidson County, Tennessee<br>Pt Lts 20, 21, Paul's Elysian Gr | Wilson & Weiss Title Associate<br>LLC TIN-62-1725361<br>Place of Settlement Phone: 615-373-3376<br>7100 Executive Center Dr. #150<br>Brentwood, TN 37027 | 11/22/00 |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due From Borrower** | | **400. Gross Amount Due To Seller** | |
| 101. Contract sales price | 25,200.00 | 401. Contract sales price | 25,200.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 4,625.17 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| **Adjustments for items paid by seller in advance** | | **Adjustments for items paid by seller in advance** | |
| 106. City/town taxes to | | 406. City/town taxes to | |
| 107. County taxes 11/22/00 to 12/31/00 | 49.95 | 407. County taxes 11/22/00 to 12/31/00 | 49.95 |
| 108. Assessments to | | 408. Assessments to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due From Borrower** | 29,875.12 | **420. Gross Amount Due To Seller** | 25,249.95 |
| **200. Amounts Paid By Or In Behalf Of Borrower** | | **500. Reductions In Amount Due To Seller** | |
| 201. Deposit or earnest money | 100.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 25,200.00 | 502. Settlement charges to seller (line 1400) | 850.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. Home Gallery Funds | 5,036.00 | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. 2000 County Tax93-15-292 | 455.81 |
| 207. | | 507. Home Gallery Funds | 5,200.00 |
| 208. | | 508. | |

A. **Settlement Statement**

Wilson & Weiss Title Associate

U.S. Department of Housing
and Urban Development

OMB No. 2502-0265

| B. Type of Loan | | | |
|---|---|---|---|
| 1. ☐ FHA 2. ☐ FmHA 3. ☒ Conv. Unins. 4. ☐ VA 5. ☐ Conv. Ins. | 6. File Number B-1730 | 7. Loan Number | 8. Mortgage Insurance Case Number |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name and Address of Borrower | E. Name and Address of Seller | F. Name and Address of Lender |
|---|---|---|
| Martha Arnita Lee | The Estate of Deandrew Bell | National Bank of Commerce<br>221 4th Ave. North<br>Nashville, TN 37219 |

| G. Property Location | H. Settlement Agent | |
|---|---|---|
| 1059 2nd Avenue South<br>Nashville, Tennessee 37210<br>Davidson County, Tennessee<br>Pt Lts 20, 21, Paul's Elysian Gr | Wilson & Weiss Title Associate LLC TIN-62-1725361<br>Place of Settlement Phone: 615-373-3376<br>7100 Executive Center Dr. #150<br>Brentwood, TN 37027 | I. Settlement Date<br>11/22/00 |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due From Borrower** | | **400. Gross Amount Due To Seller** | |
| 101. Contract sales price | 25,200.00 | 401. Contract sales price | 25,200.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 4,625.17 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| **Adjustments for items paid by seller in advance** | | **Adjustments for items paid by seller in advance** | |
| 106. City/town taxes to | | 406. City/town taxes to | |
| 107. County taxes 11/22/00 to 12/31/00 | 49.95 | 407. County taxes 11/22/00 to 12/31/00 | 49.95 |
| 108. Assessments to | | 408. Assessments to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due From Borrower** | 29,875.12 | **420. Gross Amount Due To Seller** | 25,249.95 |
| **200. Amounts Paid By Or In Behalf Of Borrower** | | **500. Reductions In Amount Due To Seller** | |
| 201. Deposit or earnest money | 100.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 25,200.00 | 502. Settlement charges to seller (line 1400) | 850.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. Home Gallery Funds | 5,036.00 | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. 2000 County Tax93-15-292 | 455.81 |
| 207. | | 507. Home Gallery Funds | 5,200.00 |
| 208. | | 508. | |

OMB No. 2502-0265

| L. Settlement Charges | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|
| 700. Total Sales/Broker's Commission based on price $ @ %= | | |
| Division of Commission (line 700) as follows: | | |
| 701. $ to | | |
| 702. $ to | | |
| 703. Commission paid at Settlement | | |
| 704. 6% Commission to Realty Association | 1,512.00 | |
| **800. Items Payable In Connection With Loan** | | |
| 801. Loan Origination Fee 2.0000 % 1.5% $378 SOL//.5% $126 NBC | 504.00 | |
| 802. Loan Discount % | | |
| 803. Appraisal Fee to Tim Callahan | 325.00 | |
| 804. Credit Report to Solutions, Inc. | 45.00 | |
| 805. Lender's Inspection Fee to | | |
| 806. Mortgage Insurance Application Fee to | | |
| 807. Assumption Fee to | | |
| 808. Courier Fee to Solutions, Inc. | 40.00 | |
| 809. Underwriting Fee to Solutions, Inc. | 295.00 | |
| 810. Loan Processing Fee to Solutions, Inc. | 395.00 | |
| XXXX See HUD-1, Page 2 Addendum | 366.25 | |
| **900. Items Required By Lender To Be Paid In Advance** | | |
| 901. Interest from to @ $ /day | | |
| 902. Mortgage Insurance Premium for months to | | |
| 903. Hazard Insurance Premium for 1 years to North American Mtg. Ins. | 499.00 | |
| 904. Flood Insurance Premium for years to | | |
| 905. | | |
| **1000. Reserves Deposited With Lender** | | |
| 1001. Hazard insurance months @ $ per month | | |
| 1002. Mortgage insurance months @ $ per month | | |
| 1003. City property taxes months @ $ per month | | |
| 1004. County property taxes months @ $ per month | | |
| 1005. Annual Assessments months @ $ per month | | |
| 1006. Flood Insurance months @ $ per month | | |
| 1007. months @ $ per month | | |
| 1008. months @ $ per month | | |
| 1009. months @ $ per month | | |
| 1010. months @ $ per month | | |
| **1100. Title Charges** | | |
| 1101. Settlement or closing fee to Wilson & Weiss Title Associate LLC | 200.00 | 175.00 |
| 1102. Abstract or title search to | | |
| 1103. Title examination to | | |
| 1104. Title insurance binder to | | |
| 1105. Document preparation to Wilson & Weiss Title Associate LLC | 50.00 | 50.00 |
| 1106. Notary fees to | | |
| 1107. Attorney's fees to | | |
| (includes above item numbers: ) | | |
| 1108. Title insurance to Stewart Title Guaranty/Jack Case Wilson | 35.00 | 225.00 |
| (includes above item numbers: ) | | |
| 1109. Lender's coverage $ 35.00 for $25,200.00 | | |
| 1110. Owner's coverage $ 225.00 for $25,200.00 | | |
| 1111. | | |
| 1112. | | |
| 1113. | | |

| | | |
|---|---|---|
| **1200. Government Recording and Transfer Charges** | | |
| 1201. Recording fees: Deed $ 12.00 ; Mortgage $ 36.00 ; Releases $ | 48.00 | |
| 1202. City/county tax/stamps: Deed $ ; Mortgage $ | | |
| 1203. State tax/stamps: Deed $ 96.24 ; Mortgage $ 29.68 | 125.92 | |
| 1204. | | |
| 1205. | | |
| **1300. Additional Settlement Charges** | | |
| 1301. Survey to The Edge Group | 185.00 | |
| 1302. Pest Inspection to Charles Pest Control | | 400.00 |
| 1303. | | |
| 1304. | | |
| 1305. | | |
| **1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K)** | 4,625.17 | 850.00 |

SELLER INSTRUCTIONS: If this real estate was your Main home, file Form 2119, even if you had a loss or did not replace it. If not your main home, use the applicable parts of Forms 4797, 6252, and/or 1040 (Schedule D). You may have to recapture all or part of a Federal mortgage subsidy, if you sold a Federally-subsidized home. This may increase your tax. See Form 8828, Recapture of Federal Mortgage Subsidy and Pub. 523, Selling Your Home.

MONTHLY PAYMENT

| | |
|---|---|
| TAXES | .00 |
| PMI/MIP | .00 |
| HAZARD/FLOOD INSURANCE | .00 |
| TOTAL ESCROW | .00 |
| P&I | 207.92 |
| MONTHLY PAYMENT | 207.92 |
| FIRST PAYMENT DUE | 12/22/00 |

Initial(s) B-1730
DCMU006

FIRST DATA SYSTEMS, INC.
FDS (Rev. 12/92)

HUD-1, REV. (3/86)
1-615-361-8404

See Uniform Residential Appraisal - Rerecorded
Correction: Northerly 38 feet instead of 35

STATE OF TENNESSEE
COUNTY OF DAVIDSON
THE ACTUAL CONSIDERATION OR VALUE, WHICHEVER IS GREATER, FOR THIS TRANSFER IS $ 25,200.00
Martha Arnita Lee
Affiant

SUBSCRIBED AND SWORN TO BEFORE ME, THIS THE 22nd DAY OF November, 2000

[signature]
Notary Public

MY COMMISSION EXPIRES: 11/25/00
(AFFIX SEAL)

DAVIDSON COUNTY

**THIS INSTRUMENT WAS PREPARED BY**
Wilson & Weiss Title Associate, 7100 Executive Center Dr. #150, Brentwood, TN 37027

B-1730

| ADDRESS NEW OWNER(S) AS FOLLOWS: | SEND TAX BILLS TO: Property Owner | MAP-PARCEL NUMBERS |
|---|---|---|
| Martha Arnita Lee (NAME) | ~~National Bank of Commerce~~ (NAME) | 093-15-0-292.00 |
| 1059 2nd Avenue South (ADDRESS) | ~~221 4th Ave. North~~ (ADDRESS) | |
| Nashville, Tennessee 37210 (CITY) (STATE) (ZIP) | ~~Nashville, TN 37219~~ (CITY) (STATE) (ZIP) | |

FOR AND CONSIDERATION OF THE SUM OF TEN DOLLARS, CASH IN HAND PAID BY THE HEREINAFTER NAMED GRANTEES, AND OTHER GOOD AND VALUABLE CONSIDERATIONS, THE RECEIPT OF WHICH IS HEREBY ACKNOWLEDGED, WE, The Estate of Deandrew Bell

HEREINAFTER CALLED THE GRANTORS, HAVE BARGAINED AND SOLD, AND BY THESE PRESENTS DO TRANSFER AND CONVEY UNTO Martha Arnita Lee

HEREINAFTER CALLED THE GRANTEES, THEIR HEIRS AND ASSIGNS, A CERTAIN TRACT OR PARCEL OF LAND IN Davidson COUNTY, STATE OF TENNESSEE, DESCRIBED AS FOLLOWS, TO-WIT:

BEING the southerly 7 feet of Lot No. 20 and the northerly 35 feet of Lot No. 21 on the Plan of Paul's Elysian Grove Plan of Lots in South Nashville, as of record in Plan Book 1, Page 134, Chancery Court at Nashville.

SAID parts of Lots Nos 20 and 21 front together 43 [45] feet on the westerly side of Second Avenue South, formerly Market Street, and run back between parallel lines 135 feet, more or less, to an alley.

Being the same property conveyed to H.E. Collins, Trustee by Quitclaim Deed from Freeman Bell, Jr. and John Bell and further conveyed to Freeman Bell, Jr. and wife, Deandrew Bell, as tenants by the entirety of record in Book 9250, Page 789, Register's Office for Davidson County, Tennessee. Freeman Bell, Jr. died September 15, 1994; Deandrew Bell died May 19, 1998. Pursuant to Last Will and Testament of Deandrew Bell dated May 14, 1998, Marian Bowman was appointed Executrix with full power to sell, transfer and convey any property, real or personal.

THIS CONVEYANCE IS SUBJECT TO: 1) Current years taxes which have been prorated and assumed by the Grantee; 2) All restrictions of record; 3) All easements of record; 4) All visible easements; 5) All matters appearing on the plan of record; 6) All applicable government and zoning regulations.

Davidson County DEEDWARR
Recvd: 12/01/00 08:43 3pgs
Fees:15.00 Taxes:93.24
20001201-0117782

This is unimproved ( ) improved ( X) property, known as 1059 2nd Avenue South, Nashville, Tennessee 37210
(House Number) (Street) (P.O. Address) (City or Town) (Postal Zip)

TO HAVE AND TO HOLD the said tract or parcel of land, with the appurtenances, estate, title and interest thereto belonging to the said GRANTEES, their heirs and assigns forever; and we do covenant with the said GRANTEES that we are lawfully seized and possessed of said land in fee simple, have a good right to convey it and the same is unencumbered, unless otherwise herein set out; and we do further covenant and bind ourselves, our heirs and representatives, to warrant and forever defend the title to the said land to the said GRANTEES, their heirs and assigns, against the lawful claims of all persons whomsoever. Wherever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders.

Witness my hand this 22nd day of November, 2000

The Estate of Deandrew Bell
By: [signature]
Marian Bowman, Executrix

Case 3:21-cv-00653 Document 1-1 Filed 08/23/21 Page 27 of 37 PageID #: 38

File

Current Parcel: PAR 09315029200

Summary | Genealogy | Ownership | Property | Addresses | Comments | Zoning | Assessment | Permits

User DKLINE Date 2/22/2016 12:00:00 AM

REV DIM FROM 45 TO 43 AND AC FROM .15 TO .13 PER MAPPING CORRECTION

User RTHOMOPO Date 2/8/2016 12:00:00 AM

max height 3 floors up to 45'

User DLLILES Date 7/6/2015 12:00:00 AM

POSTED STOP WORK ORDER PER C RICE - TRIPLE FEE ALL PERMITS. $30,000.00 & LIFT TRIPLE FEE PER BILL PENN

User BATCH Date 5/17/2008 12:00:00 AM

CALL ON DEMO ONLY

4319

WILSON & WEISS TITLE ASSOCIATES, LLC

NO. 16145

11/22/00 The Estate of Deandrew Bell

| | | | |
|---|---|---|---|
| 11/22/00 | B-1730 | Proceeds | 18,744.14 |
| | | Check Total | $ 18,744.14 |

003343

PLEASE REMOVE THIS REMITTANCE ADVICE BEFORE DEPOSITING

PREMIER BANK OF BRENTWOOD
BRING YOUR BANKING HOME
87-838-641

**WILSON & WEISS TITLE ASSOCIATES, LLC**
ESCROW ACCOUNT
7100 EXECUTIVE CENTER BLVD., SUITE 150
BRENTWOOD, TN 37027

NO. 16145

B-1730 16145

The Estate of Deandrew Bell to Martha Anita Lee

DATE 11/22/00

PAY EIGHTEEN THOUSAND SEVEN HUNDRED FORTY FOUR AND 14/100 DOLLARS $*****18,744.14

TO THE ORDER OF The Estate of Deandrew Bell

RE: 1059 2nd Avenue South
Nashville, Tennessee 37210

WILSON & WEISS TITLE ASSOCIATES, LLC
ESCROW ACCOUNT

MP

⑈016145⑈ ⑆064108388⑆ 2001376⑈

THIS DOCUMENT HAS A COLORED FACE AND CONTAINS A WATERMARK THAT IS VISIBLE WHEN HELD TO THE LIGHT. ABSENCE OF THESE FEATURES INDICATES A COPY.

4

BILL GARRETT, Davidson County
Trans:T20140062289 DEEDWARR
Recvd: 08/22/14 10:12 2 pgs
Fees:13.00 Taxes:111.00
20140822-0076650

**This Instrument Was Prepared By:**
**Stockton Title and Escrow, LLC**
**646 McMurray Drive**
**Nashville, TN 37211**

# WARRANTY DEED

FOR AND IN CONSIDERATION OF the sum of One Dollar ($1.00) cash in hand paid, and other good and valuable consideration, the receipt of which is hereby acknowledged, the undersigned **Jackie Cox** (hereinafter collectively referred to as "Grantor") have this day bargained and sold and do hereby transfer and convey to **Cumberland Advisory Group** (hereinafter referred to as "Grantee") its successors and assigns, forever, that certain parcel of real estate located in **Davidson** County, State of Tennessee, and being described as follows, to-wit:

LAND in Davidson County, Tennessee, being the southerly 14 feet of Lot No. 21 and the northerly 16 feet of Lot No. 22 in Isaac Paul's Elysian Grove Plan of Lots in Nashville, Tennessee, fronting together 30 feet on the westerly side of Market Street and running back westerly between parallel lines 136 feet, more or less, to an alley.

BEING the same property conveyed to Richard Chrismon, Jr. and wife, Ruth Chrismon, by Warranty Deed from Ruth Benjamin, dated 5/22/87 and recorded 5/26/87 in Book 7247, Page 517, Register's Office for Davidson County, Tennessee. The said Ruth Chrismon having predeceased Richard Chrismon, Jr. Richard Chrismon, Jr. having died on 10/22/03, with his estate being probated in the Probate Division of Davidson County, Tennessee, under Case No. 03P-1833. Jackie Cox was named the Executrix of the Estate and she was devised the subject property pursuant to his will.

TO HAVE AND TO HOLD said real estate, together with all of the appurtenances, estate and title there unto belonging, unto the said Grantee (s), their heirs and assigns, forever.

The undersigned covenant with the said Grantee that they are lawfully seized and possessed of said parcel of real estate, and that they have a good right to convey the same and that it is unencumbered, except for the lien of current year's property taxes, which taxes have been prorated between the parties herein.

The undersigned further covenant and bind themselves, their heirs and assigns, forever to warrant and defend the title to said real estate to the Grantee(s), their heirs and assigns against the lawful claims of all persons, whosoever.

Witness our hands this 22nd day of August, 2014.

Ms Jackie Cox

**Jackie Cox as Divisee and Executrix of the Estate of Richard Chrismon, Jr.**

STATE OF Tennessee
COUNTY OF Davidson

Personally appeared before me, the undersigned, a Notary Public in and for the County and State aforesaid, **Jackie Cox** to me known to be the person(s) described in and who executed the foregoing instrument, and who acknowledged they executed the same as their free act and deed for the purposes therein contained.

Witness my hand and official seal this 22nd day of August, 2014.

M B McDonald

Notary Public

My Commission expires July 2, 2018

Michael B. McDonald
STATE OF TENNESSEE NOTARY PUBLIC
DAVIDSON COUNTY

STATE OF TENNESSEE
COUNTY OF Davidson

The actual consideration or value, whichever is greater, for this transfer is $30,000.00 which amount is equal to or greater than the amount which the property would command at a fair and voluntary sale.

Affiant

Sworn to and subscribed before me this 22nd day of August, 2014.

Notary Public

Michael B. McDonald
STATE OF TENNESSEE NOTARY PUBLIC
DAVIDSON COUNTY

My Commission Expires: July 7, 2018

**Map and Parcel: 093-15-0-291.00**

ADDRESS OF NEW OWNER
AND PERSON RESPONSIBLE FOR TAXES:
Cumberland Advisory Group
471 Humphreys Street
Nashville, TN 37203

1974

| ADDRESS NEW OWNER(S) AS FOLLOWS | SEND TAX BILLS TO: BOOK 4796 PAGE 582 | MAP-PARCEL NUMBERS: |
|---|---|---|
| Robert S. Billingsley; et ux (NAME) | Same (NAME) | 93-15 |
| Route 3 Temple Road (STREET ADDRESS OR ROUTE NUMBER) | (STREET ADDRESS) | Par 291 |
| Franklin, Tennessee 37064 (CITY) (STATE) (ZIP CODE) | (CITY) (STATE) (ZIP CODE) | 93-11-Par 231 |

# WARRANTY DEED

For and in consideration of the sum of Four Thousand & 00/100 ($4,000.00) ---------- DOLLARS paid in cash, and other good and valuable consideration received from the grantee hereinafter named; I,

MAR 15 74 CONV *4,000.00
MAR 15 74 S'TAX A* 10.40
MAR 15 74 PR'FEE A* .50
MAR 15 74 W'DEED A* 4.00 * 14.90

ELLEN E. QUINLAND SMITH, as surviving heir of Sadie W. Quinland, deceased,

have bargained and sold, and by these presents do transfer and convey unto the said Robert S. Billingsley and wife Kathryn M. Billingsley

the GRANTEES herein, their heirs and assigns, a certain tract or parcel of land in Davidson County, State of Tennessee, described as follows:

Two tracts of land in Davidson County, Tennessee, described as follows:

TRACT NO. 1

The south one half of Lot No. 20 in Campbell's Plan of Lots as of record in Book U, page 682, of the Register's Office of Davidson County, Tennessee, said southern half of Lot No. 20 begins at a point on the west side of Third Avenue South, formerly College Street, at a point on the said Street, the center of the front line of said lot and running southwardly with said Street or Avenue 30 feet to the common corner of Lots Nos. 20 or 21, on said Plan; thence westwardly and at right angles and with the dividing line between said Lots Nos. 20 and 21, 138 feet, more or less, to an alley; thence northwardly with said alley 30 feet; thence eastwardly 138 feet, more or less, to the point of beginning.

Being the same property conveyed to Sadie Watson Quinland from O. S. Maiden, an unmarried man, by deed of record in Book 766, page 6, Register's Office of Davidson County, Tennessee.

TRACT NO. 2

Being the southerly 14 feet of Lot No. 21, and the northerly 16 feet of Lot No. 22 in Isaac Paul's Elysian Grove Plan of Lots in Nashville, Tennessee, fronting together 30 feet on the westerly side of Market Street and running back westerly between parallel lines 136 feet, more or less, to an alley.

Being the same property conveyed to Sadie W. Quinland by deed of Mildred H. Remy and husband, of record in Book 853, page 130, said Register's Office.

unimproved ( )
This is improved (x) property, known as 1061 - 2nd Ave., South; and 617 - 3rd Ave., South
(House Number) (Street)

Nashville, Tennessee
(P. O. Address) (City or Town) (Zip Code)

To have and to hold the said tract or parcel of land, with the appurtenances, estate, title and interest thereto belonging to the said GRANTEES, their heirs and assigns, forever. And we do covenant with the said GRANTEES that we are lawfully seized and possessed of said land in fee simple, have a good right to convey it, and the same is unencumbered, unless otherwise herein set out. And we do further covenant and bind ourselves, our heirs and representatives to warrant and forever defend the title to the said land to the said GRANTEES, their heirs and assigns against the lawful claims of all persons, whomsoever.

Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders.



Witness our hands this 13th day of March, 1974.

D40.6
4

12/30/2014




1067 Resubdivision of lot 23 an unnumbered lot between lots 23 and 24 and part of lots 22 and 24 a Horizontal property Regime with private elements

| | |
|---|---|
| OWNER: URBAN DWELL HOMES, L.P. | |
| ADDRESS: 1067 2ND AVE S | |
| NASHVILLE, DAVIDSON CO. TN 37210 | THIS DRAWING SHOULD NOT BE REPRESENTED TO BE A LAND SURVEY. IT SHOULD NOT BE RELIED UPON FOR THE CONSTRUCTION OF FENCES OR ESTABLISHING THE EXACT LOCATION OF PROPERTY LINES. |
| LOT 1 OF ISAAC PAUL'S ELYSIAN GROVE BEING THE RESUBDIVISION OF LOT 23, AN UNNUMBERED LOT BETWEEN LOTS 23 & 24 AND PART OF LOTS 22 & 24 | |
| (08-20140801 0068972) | NO CORNERS WERE SET OR RESET AT THE TIME OF THIS INSPECTION. |
| TAX MAP 105-03, PARCEL 351 | |
| DATE: 12-31-2014 | THIS SITE HAS NOT BEEN FIELD RAN BY A SURVEY CREW. BOUNDARIES ARE APPROXIMATE. |
| DA JOB NUMBER: 14236 | "EXHIBIT B" |

MICHAEL CHRISTOPHER CORRIGAN
REGISTERED ENGINEER
AGRICULTURE COMMERCE
No. 00110726
STATE OF TENNESSEE
12/30/14

LOT 1 OF ISAAC PAUL'S ELYSIAN GROVE BEING THE RESUBDIVISION OF LOT 23, AN UNNUMBERED LOT BETWEEN LOTS 23 & 24 AND PART OF LOTS 22 & 24 A HORIZONTAL PROPERTY REGIME WITH PRIVATE ELEMENTS

Glen Duke, CAG

1061 2nd Ave South
CAG

Bound... mmary of surveys by Dale an Associates
supervis... of Steven C. Matthews, TN RLS 2352.
nber 14236, located at 1067 2nd Avenue South
number 15061, located at 1061 2nd Avenue South.

Project 14236

UDH

1067 2nd Avenue South



C-5




CERTIFICATE OF OWNERSHIP

[illegible]

Date 1-23-15

SURVEYOR'S CERTIFICATE

[illegible]

COMMISSION APPROVAL

Approved by the Metropolitan Planning Commission of Nashville and Davidson County, Tennessee.

Secretary [signature] Date 1/28/15

SUBDIVISION NUMBER 2015S-010-001

RECORD

[illegible]

BILL GARRETT, Davidson County
Trans:T20150007592 DEEDMAST
Recvd: 01/30/15 12:06 29 pgs
Fees:147.00 Taxes:0.00
20150130-0008986

This instrument prepared by:
Robert J. Notestine III
Attorney at Law
109 Kenner Avenue
Suite 201
Nashville, TN 37205

| { New Owners Address: | {Send Tax Bills To: | {Map & Parcel Number} |
|---|---|---|
| {Urban Dwell Homes, L.P. | { Same | { Map 105-03-0 } |
| {203 Point East Drive | { | { Parcel 97.00 } |
| {Nashville, TN 37216 | { | { } |

# DECLARATION
# ESTABLISHING A HORIZONTAL PROPERTY REGIME FOR 1067 2nd AVENUE SOUTH TOWNHOMES

THIS DECLARATION is made this 28th day of January, 2015, by Urban Dwell Homes, L.P. (hereinafter called "Developer" or "Declarant"), for itself, its successors and assigns wherein the Developer makes the following declarations and submissions.

1. Purpose: The purpose of this Declaration (hereinafter also referred to as the Master Deed) is to submit the land described in Paragraph 3 and the improvements thereon a Horizontal Property Regime established pursuant to Chapter 27 of Title 66 of Tennessee Code Annotated; and expressly 66-27-101, et seq.

2. Name and Address: The name by which this Horizontal Property Regime is to be identified is the 1067 2nd Avenue South Townhomes, and is located at 1067 2nd Avenue South, Nashville, Tennessee 37210.

3. Submission of the Property: The Developer hereby submits the following described property (hereinafter the Property) together with the buildings and improvements thereto,

## EXHIBIT A

TRACT 1
Land in Davidson County, Tennessee, being the north 33 feet of Lot 24 on the map of Isaac Paul's Elysian Grove Plan of Lots, of record in Plan Book 1, Page 134, Chancery Court as Nashville described as follows:

Said part of said lot fronts 33 feet on the west side of Second Avenue South and runs back between parallel lines 135 feet to an alley.

TRACT 2
Land in Davidson County, Tennessee, being an unnumbered Lot between Lots 23 and 24 on Paul's Elysian Grove Plan of Lots, as of record in Plan Book 1, Page 134, Chancery Court of Nashville described as follows:

Beginning at a point in the westerly side of Second Avenue South, formerly Market Street, the southeast corner of Lot 23 on said plan; running thence southwardly with the westerly side of Second Avenue South, 61 feet to the northeast corner of Lot 24 on said plan; thence westerly with the northern line of said Lot 24, 135 feet, more or less, to an alley, the northwest corner of said Lot 24; thence northerly with the easterly margin of said alley, 61 feet to the southwest corner of said Lot 23; thence easterly with the southern line of said Lot 23, 135 feet, more or less, to the beginning.

TRACT 3
Being the southerly 33 feet of Lot 23 in Isaac Paul's Elysian Grove plan of lots, as of record in Plan Book 1, Page 134, Chancery Court at Nashville, Davidson County, Tennessee.

Said southerly part of Lot No. 23 fronts 33 feet on the westerly side of Second Avenue South, formerly Market Street, and runs back between parallel lines 136 feet, more or less, to an alley and is bounded on the south by a lot marked "Hawkins" on said plan.

TRACT 4

Land in Davidson County, Tennessee, being the southerly 24 feet of Lot No. 22 and the northerly 6 feet of Lot No. 23 in Isaac Paul's Plan of lots, as of record in Plan Book 1, Page 134 of the Chancery Court in Nashville, Tennessee, described as follows:

Beginning on the west margin of Second Avenue South, formerly Market Street, at the southeast corner of lot conveyed by Jo Hotchkiss to Mark A. Chambers; running thence with the west margin of Second Avenue southerly 30 feet to the northeast corner of Julia E. Reddick's lot; thence with said Reddick's north line 135 feet, more or less, to an alley; thence with the east margin of said alley, North 30 feet to the southwest corner of said Chambers lot; thence with the southern line of said Chambers lot, 135 feet to the beginning.